GUIDRY, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority holding today. In my view, the district court correctly denied the legal father’s petition for a third party claim against the alleged biological father. The question presented is whether the legal father can bring the alleged biological father into a child support proceeding (initiated against the legal father by the Department of Children and Family Services (“DCFS”)) via a third party claim for the purposes of calculating child support before filiation has been determined. The district court correctly answered that question in the negative.
As the district court found, there is no issue of dual paternity because there has never been a filiation action filed, nor has the alleged biological father ever acknowledged paternity. The legal father’s disavowal action was deemed untimely. Neither the child nor its mother has filed a filiation action on behalf of the child. Thus, the legal father has no cause of action under Louisiana law to demand re *591 imbursement for child support from an individual who has never been legally established as the biological father. That DNA testing has revealed the third party is most likely the child’s biological father is certainly persuasive evidence of paternity; yet, there has been no factual finding, by a preponderance of | ¡.the evidence, that the third party here is in fact the biological father. Therefore, there can be no cause of action against him for support by the legal father.
The majority opinion in reaching a contrary result must liberally construe the legal father’s petition asserting the third party is a necessary and indispensable party to this suit, that the third party’s income should be included in any child support calculation, and that the third party should be made a party defendant to the DCFS child support proceeding. Thus, the majority identifies the issues as non-joinder of a party and a defense on the merits. In finding the legal father may assert a defense, the majority discusses at great length the concept of dual paternity in Louisiana and the obligations of the biological father. That discussion is irrelevant, as there has been no finding by a court that the third party is in fact the biological father. The legal father has no cause of action against a third party who has not been determined to be the biological father.
The majority acknowledges the DCFS may bring suit to establish paternity and to obtain support from the biological father. But the custodial parent in this case has not named the third party as the biological father. Accordingly, the DCFS has not filed suit against the alleged biological father, because no such allegation of paternity has been made by the custodial parent, but instead paternity has been asserted by the legal father in the third party action. In my view, the law does not specifically provide for such a third party action by the legal father. Accordingly, I dissent from the majority’s reasoning.